IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DIANE PECORA LILLARD | * | |
| | * | |
| v. | * | Civil Case No. JKB-13-1458 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

*************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' motions and Ms. Lillard's Reply. ECF Nos. 14, 17, 18. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that both motions be denied, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Lillard applied for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on December 11, 2009, alleging a disability onset date of August 6, 1998. (Tr. 166–80). Her claims were denied initially on June 22, 2010, and on reconsideration on October 15, 2010. (Tr.102–09, 115–18). An Administrative Law Judge ("ALJ") held a hearing on December 13, 2011, (Tr. 45–86), and subsequently denied benefits to Ms. Lillard in a written opinion. (Tr. 24–38). The Appeals Council declined review, (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Ms. Lillard suffered from the severe impairments of fibromyalgia, IBS (irritable bowel syndrome), elevated cholesterol, lumbar spine degenerative disc disease, and affective disorder. (Tr. 27). Despite these impairments, the ALJ determined that Ms. Lillard retained the residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b): lifting and carrying 10 pounds frequently and 20 pounds occasionally, can stand and walk in excess of two and less than 6 hours in an eight hour day and sit the remainder of an eight-hour work day, with occasional stooping, crouching, kneeling, crawling, squatting and climbing stairs, avoiding concentrated exposure to heat and cold, fumes, dust, and gases. She can understand, remember, and carry out detailed instructions[.] She is able to concentrate and pay attention at that level of complexity given customary breaks afforded workers in the competitive work force. She may have trouble with punctuality; has trouble being on time but at the end, is capable of sustaining a 40 hour work week, eight hours a day and five days a week, despite psychological symptoms. She can read, write, and use numbers.

(Tr. 32). After considering the testimony from a vocational expert ("VE"), the ALJ determined that Ms. Lillard was capable of performing past relevant work as a file clerk in a medical office, and that she was not therefore disabled. (Tr. 36). The ALJ also made alternative findings at step five of the sequential evaluation and concluded that Ms. Lillard was capable of performing other jobs that exist in significant numbers in the national economy. (Tr. 37).

Ms. Lillard raises several arguments on appeal. First, she contends that the ALJ made an incorrect finding of fact regarding her date last insured and her alleged disability onset date. Second, she argues that the ALJ improperly weighed the opinions of treating physicians and state agency medical consultants. Third, she argues that the Appeals Council erred by not considering Social Security Ruling ("SSR") 12-2p when it denied review. Fourth, she asserts that the ALJ failed to include any limitation in the RFC assessment for her depression and anxiety. After a careful review of the full record, I recommend remand so that the Commissioner may consider the effect of SSR 12-2p, which sets forth guidance regarding the evaluation of fibromyalgia in

disability claims. SSR 12-2p went into effect after the ALJ's decision, but before the Appeals Council declined review. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). Given that SSR 12-2p is clearly relevant to the evaluation of Ms. Lillard's claims, I recommend that this Court refrain from deciding the merits of Ms. Lillard's arguments regarding the weight accorded to the medical opinions of record and the adequacy of the RFC assessment.

SSR 12-2p became effective on July 25, 2012. *See* SSR 12-2p. The stated purpose of the ruling is to "provide[s] guidance on how [the agency] develop[s] evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how [the agency] evaluate[s] fibromyalgia in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." *Id.* at *1. According to SSR 12-2p, a claimant can establish a medically determinable impairment of fibromyalgia if a physician has diagnosed fibromyalgia and the claimant satisfies certain diagnostic criteria.[1] *Id.* at *2. Once a medically determinable impairment of fibromyalgia has been established by medical and other evidence, the Commissioner will apply the five-step sequential evaluation to determine whether the claimant is disabled. *Id.* at *5; *see also* 20 C.F.R. §§ 404.1520, 404.1620. Fibromyalgia is not a listed impairment, thus, at step three of the sequential evaluation, the ALJ must determine whether the claimant's fibromyalgia meets another listing, independently or in combination, with another impairment. *Id.* at *6. As part of the sequential evaluation, the ALJ will also assess the claimant's RFC. *See* 20 C.F.R. §§ 404.1520(e), 404.1620(3). In making the RFC assessment, the ALJ "will consider a longitudinal record whenever possible because the symptoms of FM

---

[1] SSR 12-2p uses two sets of criteria for diagnosing fibromyalgia—the 1990 American College of Rheumatology ("ACR") Criteria for the Classification of Fibromyalgia and the 2010 ACR Preliminary Diagnostic Criteria. 12-2p, at *2–3. Both sets of the criteria generally require that the claimant demonstrate: (1) a history of widespread pain; (2) tender points or other manifestations of fibromyalgia symptoms; and (3) evidence that other disorders, which could cause the symptoms have been ruled out. *Id.*

[fibromyalgia] can wax and wane so that a person may have 'bad days and good days.' " SSR 12-2p, at *6. At steps four and five of the sequential evaluation, the ALJ will consider the claimant's symptoms, such as widespread pain and fatigue, in determining whether exertional limitations, non-exertional physical or mental limitations, or environmental restrictions are warranted. *Id.*

The Commissioner argues that even if SSR 12-2p applies to the ALJ's decision, remand would not be appropriate because the ALJ's analysis was "consistent with the published guidance." Def.'s Mot. 31. As a threshold matter, I find that SSR 12-2p applies to Ms. Lillard's case because the ruling became effective while Ms. Lillard's claims were pending before the Appeals Council. SSR 12-2p explicitly states that its "policy interpretations...apply...to claims above the initial level." SSR 12-2p, at *1 n. 1. Although Social Security Rulings do not carry the "force and effect of the law or regulations," *see Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984), they are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). The Appeals Council issued its decision denying review on April 5, 2013, and thus had the benefit of SSR 12-2p's guidance, yet it appears that the Appeals Council did not consider the ruling. *See* (Tr. 5). Other district courts have similarly recommended remand to the Commissioner for consideration of SSR 12-2p where that ruling was issued between the ALJ's opinion and the decision of the Appeals Council. *See Schuster v. Colvin*, No. 13-cv-0718-WJM, 2014 WL 803461 (D. Colo. Feb. 28, 2014); *Iles v. Colvin*, No. CIV-13-0221-F, 2014 WL 1330010 (W.D. Okla. March 31, 2014).

While the ALJ ultimately concluded that Ms. Lillard was not disabled, it is not clear that her decision would have been the same had she employed the guidance of SSR 12-2p. The ALJ designated Ms. Lillard's fibromyalgia and other impairments as severe. However, she did not

find that any of Ms. Lillard's impairments met the criteria of a Listing. *See* (Tr. 29). Significantly, the ALJ only expressly considered Listing 12.04, which pertains to affective disorders, and she did not specifically evaluate any Listings for physical impairments. *See* (Tr. 29–32). Moreover, SSR 12-2p explains that a claimant with fibromyalgia may have inconsistent symptoms that "wax and wane" such that a person may have "bad days and good days." 12-2p, at \*6. Here, the ALJ relied heavily on these very inconsistencies to find Ms. Lillard not disabled. The ALJ noted that despite Ms. Lillard's complaints of pain, she had full strength in her upper and lower extremities, and was quite functional outside the home. (Tr. 35–36). The ALJ also noted that while Ms. Lillard has a "longitudinal history of fibromyalgia" it "appears stable on medications." (Tr. 36). The ALJ relied repeatedly on the findings from a physical consultative examination, which of course constitute only a snapshot of Ms. Lillard's condition on a given day. (Tr. 27, 35). The ALJ accorded "little weight" to the opinions of Ms. Lillard's longtime treating physician, Dr. Gregory Kelly, because his treatment records, which at times noted an improvement in Ms. Lillard's fibromyalgia, were inconsistent with his opinions of disability. *See* (Tr. 34–35). I cannot determine whether the ALJ's decision in this case would have been different if she had the benefit of SSR 12-2p. Accordingly, I recommend remand. However, in so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Lillard was not disabled is correct or incorrect.

On a final note, given that remand is appropriate, any argument that the ALJ made an erroneous statement regarding the date Ms. Lillard's disability began and her date last insured ("DLI") is moot. Pl.'s Mot. 26–27. The parties agree that the correct DLI is December 31, 2004 and that Ms. Lillard alleges disability as of August 6, 1998. Pl.'s Mot. 26–27; Def.'s Mot. 39. On remand, it remains Ms. Lillard's burden to demonstrate that her impairments rendered her

disabled between her alleged onset date and her DLI.  *See* 20 C.F.R. § 404.315; *Johnson v. Barnhart*, 434 F.3d 650, 655–56 (4th Cir. 2005) ("To qualify for DIB, [the claimant] must prove that she became disabled prior to the expiration on her insured status.").

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1.  the Court DENY Defendant's Motion for Summary Judgment (ECF No. 17);

2.  the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 14); and

3.  the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.


Dated:  May 14, 2014                                       /s/
                                                                   Stephanie A. Gallagher
                                                                   United States Magistrate Judge