UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 17, 2017

LETTER TO COUNSEL

RE: *Diane Pecora Lillard v. Commissioner, Social Security Administration*;
Civil No. SAG-13-1458

Dear Counsel:

Frederick A. Raab, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b), in conjunction with his representation of Diane P. Lillard before this Court. (ECF No. 27). In response, the Commissioner asked the Court to consider whether enforcement of the contingent fee agreement in this case would result in a windfall to Mr. Raab. (ECF No. 29). I have considered those filings, and Mr. Raab's reply to the Commissioner's response. (ECF No. 32). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Raab's motion for attorney's fees is GRANTED.

In this case, Ms. Lillard was awarded $198,709.00 in past due benefits, twenty-five percent of which, $49,677.25, was withheld to pay attorney's fees in an amount approved by this Court. (ECF No. 27). Because Mr. Raab has already received $6,100.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), (ECF No. 26), he has agreed to reimburse to Ms. Lillard the attorney's fees received under the EAJA should he receive the full amount of attorney's fees he requests pursuant to the SSA. (ECF No. 27); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).; *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The SSA authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means for by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In this case, Mr. Raab and Ms. Lillard entered into a contingent fee agreement, by which Ms. Lillard agreed to pay Mr. Raab twenty-five percent of all retroactive benefits to which she might become entitled. (ECF No. 32, Ex. 2). In a previous motion for attorney's fees pursuant to the EAJA, Ms. Lillard submitted an itemized report documenting the 45.40 hours Mr. Raab expended before this Court in Ms. Lillard's case. (ECF No. 21, Ex. 7). If Mr. Raab receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,094.21 per hour.

(ECF No. 32). Mr. Raab must therefore show that an effective rate of $1,094.21 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative received." *Id.* at 807. In this case, Mr. Raab's requested fee results in slightly more than twice the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the guidelines appended to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce similar hourly rates in successful Social Security appeals. *See*, *e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *2 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.70); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Colvin*, Civil No. SAG-12-2160, (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). Although Mr. Raab's requested rate far exceeds the typical rate awarded by this Court for attorney's fees in Social Security appeals, this case presents a relatively unique set of factual circumstances which allow me to conclude that the rate is warranted.

With respect to the results Mr. Raab's representation obtained, I note not only that Ms. Lillard's case was remanded to the Agency, but also that the Court found remand appropriate based on a clearly articulated argument regarding SSR 12-2p that was raised in Ms. Lillard's initial Motion for Summary Judgment and was fully supported by references to the objective record. *Cf. Kotofski v. Astrue*, No. CIV. SKG-09-981, 2012 WL 6136361, at *2 (D. Md. Dec. 10, 2012) (reducing counsel's recovery under contingent fee agreement because counsel's argument was "not clearly articulated and not fully supported by record references…and [was] mentioned only briefly in his response, not in its initial memorandum."). I also note that, following a partially favorable decision by the ALJ on remand, the Appeals Council remanded Ms. Lillard's case a second time to address several deficiencies raised in Ms. Lillard's exceptions to the ALJ's opinion. (ECF No. 32). Finally, following a third hearing before an ALJ, Ms. Lillard received a fully favorable decision and was found disabled as of January 1, 2002. *Id.*

Turning to the character of Mr. Raab's representation, I note that Mr. Raab's performance in this case was both highly effective and highly efficient. Ms. Lillard obtained a finding of disability as a result of Mr. Raab's dedicated effort over four years. In addition, I note that Ms. Lillard has submitted a letter to the Court expressing her understanding of and her satisfaction with the fee agreement, which indicates the value to Ms. Lillard of Mr. Raab's representation. (ECF No. 32, Exs. 1, 2); *see Bowser v. Astrue*, No. PWG-09-969, 2011 WL 673767, at *3 (D. Md. Feb. 17, 2011) (according "some weight" to the claimant's consent to the fee requested). Indeed, "Social Security representation operates largely on a contingency fee basis," *Gisbrecht*,

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorneys' fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2014). For attorneys admitted to the bar for twenty years or more, the presumptively reasonable hourly rate is between $300.00 and $475.00 per hour. *Id.*

535 U.S. at 804, which "provide[s] access to counsel for individuals," like Ms. Lillard, "who would otherwise have difficulty obtaining representation," *In re Abrams & Abrams*, *P.A.*, 605 F. 3d 238, 245 (4th Cir. 2010). Moreover, I note that there was no delay in this litigation attributable to Mr. Raab. Thus, the award need not be reduced due to any delay in the litigation. *See Gisbrecht*, 535 U.S. at 808; *Bowser*, 2011 WL 673767, at *2. Accordingly, given Mr. Raab's extensive experience and the unique circumstances of this case, the fee requested by Mr. Raab is reasonable.

For the reasons set forth herein, Mr. Raab's motion for attorney's fees (ECF No. 27) will be GRANTED for $49,677.25. Mr. Raab is directed to reimburse to Ms. Lillard the $6,100.00 in fees he received pursuant to the EAJA. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                    Sincerely yours,

                                    /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge